**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARK ANTHONY JONES, | No. 12-17484 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00069-LJO-GBC |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; KENNETH CLARK, Warden; COUCH, CDC ISU Officer, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 10, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Appellant Mark Jones, a California state prisoner, appeals from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 1997e. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and for an abuse of discretion its decision whether to hold an evidentiary hearing. *Stewart v. Cate*, No. 10-55985, 2014 WL 1707033, at *3 (9th Cir. May 1, 2014). We reverse and remand.

Without holding an evidentiary hearing, the district court dismissed the action for failure to exhaust administrative remedies because Jones did not take proper steps to alert prison officials to his retaliation claim. Although the court acknowledged Jones's formal first-level grievance, it held that the grievance did not alert prison officials to the claims that Jones alleged in his § 1983 action because it did not include information about Office Couch's threat.

We agree that the formal-first-level complaint does not allege retaliation. Nevertheless, Jones's January 10, 2012 declaration states that he exhausted his retaliation claim by including it in a grievance 602. Whether Jones actually filed a grievance 602, and whether the grievance alleged retaliation are material factual questions that were not readily ascertainable from the parties' declarations. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) ("[F]actual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and

venue."). Because district courts should hear oral testimony where, as here, "factual questions [are] not readily ascertainable from the declarations of witnesses or questions of credibility predominate," the district court abused its discretion by failing to conduct an evidentiary hearing. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992).

Accordingly, we **REVERSE** the judgment of the district court and **REMAND** for an evidentiary hearing on exhaustion and such further proceedings as may be necessary on the merits of Jones's claims.